UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| STATE OF MINNESOTA, | Case No. 15-CR-0157 (SRN) |
| Plaintiff, | |
| v. | ORDER |
| PIERO A. BUGONI, | |
| Defendant. | |

---

In March 2015, defendant Piero A. Bugoni was charged with four traffic offenses in Hennepin County District Court. Two months later, Bugoni filed a pro se notice of removal in this District, alleging that his constitutional rights were being violated in the state proceedings. *See* ECF No. 1. Because there is no statutory basis for Bugoni to remove the state prosecution to federal court, this matter is summarily remanded to Hennepin County District Court.

According to an incident report prepared by an officer of the University of Minnesota Police Department, Bugoni was spotted traveling eight miles per hour over the posted speed limit on or about December 19, 2014. *See* ECF No. 1-1 at 3. The officer also noticed that the right-turn signal of Bugoni's vehicle was flashing despite the fact that no intersections were upcoming. *Id.* According to the incident report, the officer "could detect an odor of alcohol coming from the car" after stopping the vehicle. *Id.* Bugoni refused to undergo a field sobriety test and was arrested on suspicion of driving while impaired. *Id.* Although Bugoni was not charged with driving while impaired (a breath test conducted at the police station indicated that he was under the legal limit for alcohol consumption), Bugoni was charged in March 2015 with

careless driving, driving a vehicle after suspension of a license, failing to display a driver's license upon request, and speeding. *Id*. at 1-2.

Bugoni attempts to remove those charges to federal court pursuant to three statutes: 28 U.S.C. §§ 1441, 1446, and 1455. *See* ECF No. 1. As explained below, however, none of those provisions — or, for that matter, any other federal statute — provides a basis for removal of the state-court proceedings.

Under § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). By its plain terms, "section 1441 provides only for civil removal." *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1253 (9th Cir. 2006); *accord Burns v. City of Apple Valley*, No. 00-CV-2638 (JRT/FLN), 2001 WL 670833, at *4 (D. Minn. June 13, 2011). Because this is a criminal matter, not a civil matter, Bugoni may not avail himself of § 1441.

Section 1446 is much the same. *See* 28 U.S.C. § 1446(a) ("A defendant or defendants desiring to remove any *civil action* from a State court . . . ." (emphasis added). Indeed, § 1446 simply governs the procedures by which civil actions are removed pursuant to § 1441 and other federal statutes.[1] Obviously, then, Bugoni may not invoke § 1446 as a basis for removal of this criminal matter.

---

[1] Section 1446(g) does reference criminal prosecutions removed under 28 U.S.C. § 1442(a). As explained in the body of this order, however, § 1442 has no relevance in this case, as Bugoni is not a federal officer.

Unlike §§ 1441 and 1446, § 1455 does apply to criminal prosecutions. But § 1455 governs only the *procedures* that must be followed when attempting to remove a criminal prosecution. It is entirely beside the point that a defendant has followed the correct procedures for removing an action to federal court if the action itself is simply not removable under federal law. And Bugoni does not cite any statute for the proposition that this criminal matter is one that may be removed to federal court.

That said, the Court notes that three federal statutes allow for the removal of certain criminal prosecutions from state to federal court. Those statutes are extraordinarily limited, however, and none of the three statutes allows for removal of this matter.

First, 28 U.S.C. § 1442 provides that civil and criminal actions commenced in state court against the United States itself and against officers of the United States acting under color of office may be removed to federal court. Nothing in Bugoni's notice of removal or any of the other documents filed by Bugoni indicates that he is a federal officer or otherwise meets the requirements of § 1442. Bugoni has not sought to invoke § 1442, and there is no reason to believe that Bugoni could have successfully invoked § 1442 if he had tried.

Second, 28 U.S.C. § 1442a allows for removal "of a civil or criminal prosecution in a court of a State of the United States against a member of the armed forces of the United States" who was acting under color of his status as a member of the armed forces. There is similarly no indication in the documents filed by Bugoni that he is a member of the United States armed forces or that he was acting under color of his status as a member of the armed forces. Bugoni cannot invoke (and has not tried to invoke) § 1442a.

Third, 28 U.S.C. § 1443 provides that

> [a]ny of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> > (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
> >
> > (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

"Removal jurisdiction under § 1443(1) is very limited. Generally 'the vindication of the defendant's federal rights is left to the state courts.'" *Minnesota v. Bey*, Nos. 12-CR-0256 & 12-CR-0257 (JRT), 2012 WL 6139223, at *1 (D. Minn. Dec. 11, 2012) (quoting *City of Greenwood v. Peacock*, 384 U.S. 808, 828 (1966)).  In order to remove a case under § 1443(1), a defendant must show (1) "that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality" and (2) "that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of the State." *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quotations omitted).  Bugoni satisfies neither prong of this test.  Although Bugoni alleges that his constitutional double-jeopardy and speedy-trial rights are being violated in state court, Bugoni has pointed to nothing indicating that the State of Minnesota has violated his rights on account of his race.  "Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice" to remove a case under § 1443(1).  *Id*.  With respect to the second prong, there are no allegations

offered by Bugoni from which the Court could conclude that the state courts cannot vindicate his federal constitutional rights. Accordingly Bugoni may not invoke § 1443(1) as a basis for removing this prosecution to federal court.

Section 1443(2) is no more availing. That provision "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *City of Greenwood*, 384 U.S. at 824. As explained during the Court's discussion of § 1442, there is no indication from the documents filed by Bugoni that he is a federal officer or agent. Nor is there any indication that Bugoni was executing duties under federal law providing for equal civil rights. Bugoni therefore cannot remove the criminal proceedings under § 1443(2), either.

Finally, even if there were a statute providing for the removal of this prosecution to federal court (and there is not), it does not appear that Bugoni has adequately followed the procedures for removal. Under § 1455(b)(2),

> [a] notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time.

The trial docket maintained by the Hennepin County District Court seems to indicate that Bugoni was arraigned in March 2015.[2] He did not file his notice of removal under May 18, 2015.

---

[2] The docket also indicates that Bugoni entered an *Alford* plea to one of the charges on May 18, 2015 — the same day that the notice of removal was filed. Judgment of conviction was filed the same day. Under § 1455(b)(3), "[t]he filing of a notice of removal of a criminal prosecution shall not prevent the State court in which such prosecution is pending from proceeding further, *except that a judgment of conviction shall not be entered unless the prosecution is first remanded.*" (Emphasis added.) On remand, the Hennepin County District
(continued...)

Further, Bugoni has suggested no "good cause" for why his notice of removal was filed over a month late.

"If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4). For the reasons provided above, removal cannot be permitted in this case. The Court therefore summarily remands this matter to the Hennepin County District Court.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED that this matter is SUMMARILY REMANDED to Hennepin County District Court pursuant to 28 U.S.C. § 1455(b)(4).

Dated: May 21, 2015

        s/Susan Richard Nelson
        SUSAN RICHARD NELSON
        United States District Judge

---

[2](...continued)
Court may be well-served to consider the effect of § 1455(b)(3) on the validity of the judgment entered in this matter.